Jacob M. Heath (SBN 238959)
Orrick Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: +1 650 614 7400
Facsimile:  +1 650 614 7401
jheath@orrick.com

Jonathan A. Direnfeld (*pro hac vice*)
Amisha R. Patel (*pro hac vice*)
2100 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: +1 202 339 8400
Facsimile:  +1 202 339 8500
jdirenfeld@orrick.com
apatel@orrick.com

Attorneys for Defendants FENIX INTERNATIONAL
LIMITED and FENIX INTERNET LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE 1, JOHN DOE 2, and all others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>FENIX INTERNATIONAL LIMITED; FENIX INTERNET LLC,<br><br>     Defendant. | Case No. 3:24-cv-03713<br><br>**DEFENDANTS FELIX INTERNATIONAL LIMITED AND FENIX INTERNET LLC'S NOTICE OF MOTION & MOTION TO DISMISS**<br><br>Filed Concurrently: Declaration of Jonathan A. Direnfeld, Declaration of Lee Taylor, Declaration of Antony White KC; [Proposed] Order<br><br>Judge: Hon. Charles R. Breyer<br>Date: September 20, 2024<br>Time: 10:00 a.m.<br>Courtroom: 6 – 17th Floor |

1

**NOTICE OF MOTION AND RELIEF SOUGHT**

**PLEASE TAKE NOTICE** that on September 20, 2024 at 10:00 a.m. or as soon thereafter as is available, in the courtroom of the Honorable Charles R. Breyer, United States District Judge, in Courtroom 6, 17th Floor, of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Fenix International Limited ("FIL") and Fenix Internet LLC ("Fenix Internet") (collectively, "Defendants") will and hereby do move this Court pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6), and the doctrine of *forum non conveniens* to dismiss Plaintiffs' Class Action Complaint (ECF 1) ("Compl."). This motion is based on this notice, the concurrently filed memorandum of points and authorities, Declaration of Jonathan A. Direnfeld, Declaration of Lee Taylor, Declaration of Antony White KC, and all other facts the court may or should take notice of, all files, records, and proceedings in this case, and any oral argument the Court may entertain.

**STATEMENT OF RELIEF SOUGHT (CIVIL L.R. 7-2(b)(3)).** Defendants seek an order pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and/or the doctrine of *forum non conveniens* dismissing the Complaint for lack of personal jurisdiction, *forum non conveniens,* and/or lack of standing. Defendant Fenix Internet also seeks an Order pursuant to Federal Rule of Civil Procedure 12(b)(6) dismissing the Complaint for failure to state a claim upon which relief can be granted.

1

Dated: August 8, 2024

2

Respectfully Submitted,

3

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

4

By: _/s/ Jonathan A. Direnfeld_____

5

Jonathan A. Direnfeld (*pro hac vice*)
Amisha R. Patel (*pro hac vice*)

6

2100 Pennsylvania Avenue, NW
Washington, DC 20037

7

Telephone: +1 202 339 8400
Facsimile:  +1 202 339 8500

8

jdirenfeld@orrick.com

9

apatel@orrick.com

10

Jacob M. Heath (SBN 238959)
Orrick Herrington & Sutcliffe LLP

11

1000 Marsh Road
Menlo Park, CA 94025-1015

12

Telephone: +1 650 614 7400
Facsimile:  +1 650 614 7401

13

jheath@orrick.com

14

15

*Attorneys for Defendants Fenix International Limited and Fenix Internet LLC*

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:24-cv-03713
DEFS.' NOTICE OF MOTION
& MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

SUMMARY OF ARGUMENT (STANDING ORDER I.C)............................................................. v

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 1

I.  STATEMENT OF ISSUES TO BE DECIDED ................................................................ 1

II. SUMMARY OF RELEVANT FACTS ........................................................................... 1

    A.  FIL, Fenix Internet, and OnlyFans .......................................................................... 1

    B.  The OnlyFans Terms of Service and Forum-Selection Clause .............................. 1

    C.  Plaintiffs' Counsel's Previous Class Action Complaint in the Central District ...... 4

III. ARGUMENT ............................................................................................................ 5

    A.  Plaintiffs' Complaint Should be Dismissed for Lack of Personal Jurisdiction. ...... 5

        1.  Neither FIL nor Fenix Internet is Subject to General Jurisdiction in California. ... 5

    B.  Neither FIL nor Fenix Internet is Subject to Specific Jurisdiction in California. ... 6

    C.  Additional Grounds for Dismissal ........................................................................... 7

        1.  Plaintiffs' Complaint Should Be Dismissed Under the Doctrine of *Forum Non Conveniens*. ... 8

        2.  Plaintiffs' Complaint Must be Dismissed for Lack of Constitutional or Statutory Standing. ... 10

        3.  Plaintiffs' Claims Against Fenix Internet Must Be Dismissed for Failure to State a Claim. ... 11

IV. CONCLUSION ......................................................................................................... 12

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4
5

*AMA Multimedia, LLC v. Wanat,*
    970 F.3d 1201 (9th Cir. 2020) ............................................................................. 6

6
7

*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas,*
    571 U.S. 49 (2013) ............................................................................................... 8

8

*Brooks v. Sotheby's,*
    2013 WL 3339356 (N.D. Cal. July 1, 2013) ....................................................... 8

9
10

*CollegeSource, Inc. v. AcademyOne, Inc.,*
    653 F.3d 1066 (9th Circ. 2011) ........................................................................... 6

11

*Daimler AG v. Bauman,*
    571 U.S. 117 (2014) ............................................................................................. 5

12
13

*Dickens v. NXP Semiconductors,*
    2023 WL 8101938 (N.D. Cal. Nov. 21, 2023) .................................................... 2

14
15

*Dole Food Co. v. Watts,*
    303 F.3d 1104 (9th Cir. 2002) ............................................................................. 6

16
17

*Forrand v. Fed. Express Corp.,*
    2008 WL 276389 (N.D. Cal. Jan. 31, 2008) ....................................................... v

18

*Herbal Brands, Inc. v. Photoplaza, Inc.,*
    72 F.4th 1085 (9th Cir. 2023) .............................................................................. 7

19
20

*Johnson v. Fogo De Chao Churrascaria (San Jose) LLC,*
    2021 WL 3913519 (N.D. Cal. Sept. 1, 2021) .................................................... 10

21
22

*Kellman v. Whole Foods Mkt., Inc.,*
    313 F. Supp. 3d 1031 (N.D. Cal. 2018) ............................................................... 2

23

*Knievel v. ESPN,*
    393 F.3d 1068 (9th Cir. 2005) ............................................................................. 2

24
25

*Laurence v. United States,*
    No. C-93-0381-DLJ, 1993 WL 266657 (N.D. Cal. July 8, 1993) ..................... 10

26

*LegalForce, Inc. v. Legalzoom.com, Inc.,*
    2018 WL 6179319 (C.D. Cal. Nov. 27, 2018) .................................................... v

27
28

*Lewis v. Liberty Mut. Ins. Co.,*
    953 F.3d 1160 (9th Cir. 2020) ............................................................................. 8

CASE NO. 3:24-CV-03713
DEFS.' NOTICE OF MOTION
& MOTION TO DISMISS

*Losson v. Union Des Ass'ns Europeennes De Football*,
    2024 WL 3406987 (N.D. Cal. July 11, 2024) ................................................................... 9

*Martinez v. Aero Caribbean*,
    764 F.3d 1062 (9th Cir. 2014) ........................................................................................ 5

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
    647 F.3d 1218 (9th Cir. 2011) .................................................................................... 6, 7

*Maya v. Centex Corp.*,
    658 F.3d 1060 (9th Cir. 2011) ........................................................................................ 2

*Meza v. Procter & Gamble Co.*,
    2023 WL 3267861 (C.D. Cal. Apr. 27, 2023) ................................................................ v

*Moore v. Mars Petcare US, Inc.*,
    966 F.3d 1007 (9th Cir. 2020) ...................................................................................... 10

*Muto v. Fenix Int'l Ltd.*,
    2024 WL 2148734 (C.D. Cal. May 2, 2024) ........................................................... *passim*

*Pebble Beach Co. v. Caddy*,
    453 F.3d 1151 (9th Cir. 2006) ........................................................................................ 5

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) ...................................................................................... 5, 6

*St Andrews Links Ltd. v. Source & Design Int'l (UK) LTD*,
    2022 WL 11902199 (N.D. Cal. Oct. 20, 2022) ................................................................ 6

*TransUnion LLC v. Ramirez*,
    594 U.S. 413 (2021) .................................................................................................... 10

*Trottier v. FieldCore Servs. Sols., LLC*,
    2020 WL 13304063 (C.D. Cal. Aug. 3, 2020) ................................................................ v

*Van Patten v. Vertical Fitness Grp., LLC*,
    847 F.3d 1037 (9th Cir. 2017) ...................................................................................... 10

*Walden v. Fiore*,
    571 U.S. 277 (2014) ...................................................................................................... 7

*Williams v. WinCo Foods, LLC*,
    2013 WL 211246 (E.D. Cal. Jan. 10, 2013) ................................................................... v

*Yei A. Sun v. Advanced China Healthcare, Inc.*,
    901 F.3d 1081 (9th Cir. 2018) .................................................................................... 8, 9

**Statutes**

28 U.S.C. § 1404(a) ................................................................................................................ v

**Other Authorities**

Fed. R. Civ. P. 12(b)(1) ........................................................................................................ 1

Fed. R. Civ. P. 12(b)(2) ........................................................................................................ 1

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SUMMARY OF ARGUMENT (STANDING ORDER I.C)**

## I.     THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS

This action is a blatant attempt by Plaintiffs' counsel to evade a May 2, 2024 decision by Judge Sunshine S. Sykes of the United States District Court for the Central District of California, which dismissed, with prejudice, identical claims against Defendants for lack of personal jurisdiction in California. *Muto v. Fenix Int'l Ltd.*, No. 5:22-cv-02164-SSS-KK, 2024 WL 2148734 (C.D. Cal. May 2, 2024) ("*Muto*"). Rather than move for reconsideration or appeal that dismissal, Plaintiffs' counsel refiled a carbon copy of the *Muto* Complaint that Judge Sykes ordered dismissed under the guise of two new Plaintiffs, one of whom is a resident *in the Central District of California*. This Court should not entertain such transparent attempts to forum shop.[1] Instead, the Court should dismiss Plaintiffs' claims for lack of personal jurisdiction for the same reason that Judge Sykes dismissed Plaintiffs' previous attempt to bring these claims against Defendants: Plaintiffs' assertions that a significant number of California residents visited and purchased subscriptions

---

[1] Typically, the vehicle to dissuade this type of behavior is a motion to transfer venue pursuant to 28 U.S.C. § 1404(a). Courts in California routinely grant motions to transfer when presented with this type of blatant forum shopping. *See e.g.*, *Forrand v. Fed. Express Corp.*, 2008 WL 276389, at *3 (N.D. Cal. Jan. 31, 2008) ("This Court cannot reach the incredible conclusion that counsel representing a plaintiff who resides in the Central District, where counsel had previously filed a lawsuit asserting claims on behalf of a putative class that included the plaintiff, were not engaged in forum shopping when they chose to file a nearly identical class action in the Northern District days after the judge in the earlier-filed Central District case issued an unfavorable ruling."); *Meza v. Procter & Gamble Co.*, 2023 WL 3267861, at *4 (C.D. Cal. Apr. 27, 2023) ("there is an equally strong inference of forum shopping when the parallel actions are filed by the same law firm, and such strategic machinations by plaintiff's counsel are equally discouraged"); *Trottier v. FieldCore Servs. Sols.*, LLC, 2020 WL 13304063, at *5 (C.D. Cal. Aug. 3, 2020) (finding inference of forum shopping when plaintiff's counsel filed the action "with a new plaintiff" after receiving an unfavorable ruling in another district); *LegalForce, Inc. v. Legalzoom.com, Inc.*, 2018 WL 6179319, at *3 (C.D. Cal. Nov. 27, 2018) ("Forum shopping could reasonably be inferred if the plaintiff files the same or similar case represented by the same law firm in a different district after receiving unfavorable rulings there."); *Williams v. WinCo Foods, LLC*, 2013 WL 211246, at *7-8 (E.D. Cal. Jan. 10, 2013) (finding that filing of similar lawsuits involving the same claims on behalf of "nearly an identical class" by the same counsel suggested forum shopping and discussing cases holding similarly). However, a threshold requirement of transferring a case pursuant to Section 1404(a) is that the Defendant is subject to personal jurisdiction in the transferee court. Given that, as Judge Sykes correctly ruled in *Muto*, Defendants are not subject to personal jurisdiction anywhere in California for Plaintiffs' claims, a motion to transfer under Section 1404(a) is not available to Defendants.

through FIL's website is not enough to carry their burden to show that Defendants "expressly aimed" conduct at California or "deliberately reached out" to California. *Id.* at *4 (citations omitted).

## II.   <u>OTHER GROUNDS FOR DISMISSAL</u>

In addition, there are other independent grounds for dismissal— *forum non conveniens,* lack of standing, and failure to state a claim as to Fenix Internet—that Defendants raised in its previous motion to dismiss the original action in the Central District. Defendants maintain that Judge Sykes's personal jurisdiction analysis should end this Court's inquiry. Should this Court find it necessary to look further, however, Defendants raise these additional grounds for dismissal:

*Plaintiffs Must Bring this Suit in the United Kingdom***:** The forum-selection clause in the OnlyFans Terms of Service—to which each of the Plaintiffs agreed when they created their OnlyFans accounts—requires Plaintiffs to bring this suit in the United Kingdom (where OnlyFans is operated) and mandates dismissal of this action pursuant to the doctrine of *forum non conveniens*.

*Plaintiffs Lack Standing to Bring their Claims***:** Plaintiffs' conduct demonstrated their understanding that their OnlyFans subscriptions renewed. Each named Plaintiff regularly subscribed to and subsequently canceled dozens of OnlyFans subscriptions before their renewal date (often, almost right away). In some instances, they later re-subscribed to the same content and again canceled before the renewal date. None of FIL's or Fenix Internet's alleged violations caused Plaintiffs' injury. Thus, Plaintiffs cannot establish either constitutional or statutory standing.

*Plaintiffs Fail to State a Cause of Action Against Fenix Internet:* Plaintiffs plead no facts showing that Fenix Internet violated any statute the Complaint attempts to assert.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   STATEMENT OF ISSUES TO BE DECIDED

Whether Plaintiffs' Complaint should be dismissed for: (1) lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2); (2) *forum non-convenes*; (3) lack of standing under Federal Rule of Civil Procedure 12(b)(1); and//or (4) failure to state a claim against Defendant Fenix Internet under Federal Rule of Civil Procedure 12(b)(6).

## II.   SUMMARY OF RELEVANT FACTS

### A.   FIL, Fenix Internet, and OnlyFans

FIL is a company incorporated and registered in England and Wales, with its headquarters in London. Decl. of Lee Taylor in Support of Fenix Defendants' Motion to Dismiss ("Taylor Decl.") ¶ 3. FIL owns and operates OnlyFans, a leading content-sharing and social media website that allows users (i.e., "Fans") from around the world to subscribe to and engage with content (such as videos, music, and photographs) produced by content creators ("Creators") who are also located around the world. *Id.* ¶¶ 3, 13.

Fenix Internet is a separate company organized under the laws of Delaware, with its registered office in Delaware. *Id.* ¶ 4. Fenix Internet does not operate OnlyFans; instead, it holds banking and payment processing relationships on behalf of its parent company, FIL. *Id.* ¶¶ 5-6. Specifically, at FIL's direction, Fenix Internet collects payments from third-party processors and distributes the money it collects (through other third-party providers) to Creators. *Id.* ¶ 6. Neither FIL nor Fenix Internet is registered to do business in California. *Id.* ¶ 10. Neither has any offices or employees in California. *Id.* ¶ 7. Neither engages in marketing, sales, or commercial activity targeted specifically at California residents. *Id.* ¶ 8.

### B.   The OnlyFans Terms of Service and Forum-Selection Clause

When individuals—including Plaintiffs—sign up for a Fan account on OnlyFans, they must agree to the OnlyFans Terms of Service ("Terms") by clicking a button immediately next to text stating: "By signing up you agree to our Terms of Service ..." ECF 1 ¶ 29. That same disclosure includes a hyperlink (denoted in bold and in bright blue font) to the Terms, which inform a reader

1

that "By registering with and using OnlyFans, you hereby accept and agree to be bound and abide by these Terms." Taylor Decl., Ex. A § 1.2.

Because OnlyFans is a content-sharing social media platform domiciled in the United Kingdom with millions of users located around the world, the Terms include a forum-selection clause requiring OnlyFans users to file all claims in the United Kingdom (specifically, the courts of England and Wales), where FIL is incorporated and headquartered. Taylor Decl. ¶ 13. The forum-selection clause that Plaintiffs agreed to when they signed up for their accounts were clearly stated. Taylor Decl., Ex. A § 18.1 ("any dispute . . . concerning OnlyFans . . . shall be resolved exclusively in the courts of England and Wales"); Taylor Decl., Ex. B § 18.1 ("any dispute . . . concerning OnlyFans . . . shall be resolved exclusively in the courts of England and Wales").[2] The same forum-selection clauses appeared when Plaintiffs subsequently agreed to updated Terms of Service.  *See* Taylor Decl., Ex. C § 16(a) of Terms of Use for all Users ("any claim…arising out of or in connection with . . . your use of OnlyFans . . . must be brought in the courts of England and Wales"). By accepting the Terms, Plaintiffs also agreed that OnlyFans may make changes to the Terms and site, and that by continuing to use OnlyFans after notice of a change, they accept the modified Terms. Taylor Decl., Ex. A § 1.4; Taylor Decl., Ex. B § 1.4.

The December 2021 update to the Terms further clarified that a user "will also be able to rely on mandatory rules of the law of the country where you live." Taylor Decl., Ex. C § 16(a) of Terms of Use for all Users. The mandatory forum-selection clause remained. *Id.*

---

[2] In ruling on a motion to dismiss for lack of personal jurisdiction, for *forum non conveniens*, or for lack of standing, this Court may consider matters outside of the pleadings. *See, e.g.*, *Kellman v. Whole Foods Mkt., Inc.*, 313 F. Supp. 3d 1031, 1042 (N.D. Cal. 2018) (personal jurisdiction); *Dickens v. NXP Semiconductors*, 2023 WL 8101938, at *1 (N.D. Cal. Nov. 21, 2023) (*forum non conveniens*); *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (standing). Further, the Court may consider the OnlyFans Terms because they are expressly referenced in the Complaint. *See* ECF 1 ¶¶ 29-30; *see also, e.g.*, *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).



*Id.* OnlyFans notified all users, including Plaintiffs, of the update on November 14, 2021, a month before it took effect. Taylor Decl. ¶ 19. Additionally, the first time that any user, including Plaintiffs, logged into their OnlyFans account on or after December 15, 2021, they received the following alert immediately after logging into their account:

Taylor Decl. ¶ 20. All users had to click "ACCEPT" to continue using OnlyFans and could not have continued to use their OnlyFans account without first agreeing to the updated Terms. *See id.* ¶ 21. Both named Plaintiffs affirmatively accepted the December 15, 2021, amendments and thereafter continued to use their OnlyFans accounts. *Id.* ¶¶ 22-23, Exs. D & E.

In addition, the Terms provide details—labeled clearly in bold **("Subscriptions and purchases by Fans")**—about how OnlyFans subscriptions work. Taylor Decl., Ex. C § 8 of Terms of Use for Fans (emphasis in original). The Terms explain that, in general, "all Subscriptions to a Creator's profile will automatically renew at the end of the relevant subscription period." *Id.* § 8(h). But the Terms also note that users have full control. If a user wishes to opt out of automatic renewals, they can select to "turn[] off the 'Auto-Renew' switch located on the relevant Creator's profile. This means that if you want to stop subscribing to a Creator's profile and paying continuing

monthly subscription charges, you will need to turn off the 'Auto-Renew' switch located on the relevant Creator's profile." *Id.* To eliminate any doubt, the Terms explain that "[i]f you cancel a Subscription you will continue to be permitted to view the relevant Creator's Content until the end of the subscription period in which you cancelled, after which no further payments will be taken from your payment card in respect of subscriptions to that Creator's profile (unless you choose to pay for a new Subscription to that Creator's profile), and you will no longer be able to view the relevant Creator's Content." *Id.* § 8(i).

## C.   Plaintiffs' Counsel's Previous Class Action Complaint in the Central District

As Plaintiffs acknowledge in their Complaint, a prior class action alleging the same putative class was filed in Riverside County Superior Court on October 24, 2022 by Plaintiffs' counsel in this action. ECF 1 ¶ 41. That case was assigned to the Honorable Sunshine S. Sykes after Defendants removed the action to the Central District of California. *Muto*, ECF 5. Plaintiffs Muto and Breeze—named plaintiffs in the first-filed action—amended their class action complaint on December 5, 2022, and then again on January 17, 2023.[3] *Muto*, ECF 4, 14. On June 1, 2023, they amended their class action complaint for a third time—consolidating claims with two John Doe plaintiffs represented by different counsel. *Muto*, ECF 34. FIL and Fenix Internet moved to dismiss the Consolidated Class Action Complaint twenty-one days later. *Muto*, ECF 35.

On May 2, 2024, Judge Sykes issued an order granting Defendants' motion to dismiss for lack of personal jurisdiction. *Muto*, 2024 WL 2148734, at *5. Judge Sykes declined to grant Plaintiffs leave to amend "[b]ecause neither Plaintiffs' complaint nor their briefing suggests that the jurisdictional defect identified here is curable." *Id.* at *5 n.5. Nor did Plaintiffs' counsel seek any review of the dismissal, declining to file either a motion for reconsideration or an appeal of Judge Sykes's May 2 Order. Instead, forty-nine days later, Plaintiffs' counsel filed the instant complaint before this Court on behalf of the two new Doe Plaintiffs.

---

[3] The instant complaint before this Court is substantively identical to the Second Amended Complaint filed by the *Muto* plaintiffs in the Central District. *See* Decl. of Jonathan A. Direnfeld in Support of Fenix Defendants' Motion to Dismiss ¶¶ 5-6, Ex. B.

1   **III.    <u>ARGUMENT</u>**

2         **A.    <u>Plaintiffs' Complaint Should be Dismissed for Lack of Personal Jurisdiction.</u>**

3         For the same reasons set forth in Judge Sykes's May 2 Order, this Court should dismiss

4   Plaintiffs' Complaint for lack of personal jurisdiction over Defendants. Due process provides that

5   a court may not exercise personal jurisdiction over nonresident defendants (here, FIL and Fenix

6   Internet) unless each defendant has sufficient "minimum contacts" with the forum state (here,

7   California) that the exercise of jurisdiction "does not offend traditional notions of fair play and

8   substantial justice." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004)

9   (citation omitted). Personal jurisdiction may be "general or all-purpose jurisdiction" or only

10  "specific or conduct-linked." *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). Under either

11  theory, Plaintiffs bear the burden of establishing that the court may lawfully exercise personal

12  jurisdiction. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). Here, Plaintiffs have

13  failed to carry that burden.[4]

14        **1.    <u>Neither FIL nor Fenix Internet is Subject to General Jurisdiction in</u>**

15  **<u>California.</u>**

16        The "paradigm forum[s]" for the exercise of general jurisdiction over a corporation are "the

17  place of incorporation and principal place of business." *Daimler AG*, 571 U.S. at 137. General

18  jurisdiction outside of those forums is available "[o]nly in an 'exceptional case,'" where the

19  defendant's contacts are so "continuous, and systematic" as to "'approximate physical presence' in

20  the forum state," *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014);

21

22  ─────────────────────

[4] Notwithstanding Plaintiffs' contention that Judge Sykes "erroneously rul[ed] that Defendants are

23  not subject to personal jurisdiction in California," ECF 1 ¶ 41, the instant Complaint contains a
single paragraph alleging the Court's basis for personal jurisdiction here: "This Court has personal

24  jurisdiction over Defendants because Defendants have purposely availed themselves of conducting
business with Plaintiffs and thousands of other California residents by entering contracts of

25  indefinite duration with Plaintiffs and all other members of the proposed class," *id.* ¶ 11. This is in
stark contrast to the Consolidated Amended Complaint considered and dismissed by Judge Sykes,

26  which alleged *significantly more*, albeit insufficient contacts with California such as performing
age-verification for California Content Creators, various alleged employees working in California,

27  athletic or other event sponsorships in the United States generally, conferences and other meetings
in California, sales of OnlyFans branded "clothing, towels, and household goods," and OnlyFans's

28  compliance with U.S. privacy and tax laws. *Muto*, ECF 34 ¶ 32.

1    *Schwarzenegger*, 374 F.3d at 801 (citation omitted). That is not the case here as FIL and Fenix

2    Internet have minimal connections to California that fall well short of the requisite showing needed

3    for general jurisdiction. *See* Taylor Decl. ¶¶ 7-10; *see also Mavrix Photo, Inc. v. Brand Techs., Inc.*,

4    647 F.3d 1218, 1225 (9th Cir. 2011); *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1074

5    (9th Circ. 2011). Similar to the *Muto* action—where Plaintiffs' counsel did not dispute that the court

6    lacked general jurisdiction over Defendants in California—the Complaint fails to allege any facts

7    to support the exercise of general jurisdiction over either Defendant in California. *Muto*, ECF 41 at

8    12, n.3 ("Plaintiffs are not proceeding on a theory of general jurisdiction.").

9    **B.   Neither FIL nor Fenix Internet is Subject to Specific Jurisdiction in**

10   **California.**

11       "The exercise of specific personal jurisdiction over a nonresident defendant is proper only

12   if the plaintiffs can show that (1) the defendant purposefully directed certain conduct to the forum

13   state or purposely availed itself of the privileges of doing business there, and that (2) plaintiffs'

14   claims arise out of or relate to these identified 'forum-related activities.'" *Muto*, 2024 WL 2148734,

15   at *4 (citing *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020)). The court's

16   exercise of jurisdiction must also "comport with fair play and substantial justice, i.e., it [would] be

17   reasonable." *AMA Multimedia*, 970 F.3d at 1208. "If any of the three requirements is not satisfied,

18   jurisdiction in the forum would deprive the defendant of due process of law." *Id.* A plaintiff "bears

19   the burden to establish the first two prongs." *Id. See also St Andrews Links Ltd. v. Source & Design*

20   *Int'l (UK) LTD*, 2022 WL 11902199, at *2 (N.D. Cal. Oct. 20, 2022).

21       Plaintiffs' Complaint fails the first requirement out of the gate. To show that a defendant

22   purposefully directed acts at the forum, the plaintiff must show that the defendant "(1) committed

23   an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows

24   is likely to be suffered in the forum state." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir.

25   2002). The suit-related contacts with California pled in the Complaint (i.e., purported contracts with

26   Plaintiffs and members of the putative class) fail to allege facts showing that FIL or Fenix Internet

27   *purposefully directed* such acts at California. Plaintiffs' sole claim of personal jurisdiction is that

28   *Plaintiffs'* decision to sign up for OnlyFans subscriptions from California can be a basis to subject

*FIL* and *Fenix Internet* to suit here. But, as Judge Sykes stated in her May 2 Order in response to this very argument by Plaintiffs' counsel in *Muto*, "Plaintiffs are mistaken." *Muto*, 2024 WL 2148734, at *4. Supreme Court precedent makes clear that personal jurisdiction "must arise out of contacts that the 'defendant himself' creates with the forum state"; it cannot arise out of "contacts between the plaintiff (or third parties) and the forum." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (citation omitted). Applying this principle to Plaintiffs' allegations, Judge Sykes dismissed Plaintiffs' counsel's identical complaint against Defendants, holding that:

> As the Ninth Circuit has made clear, the mere operation of "interactive website" visited by residents of a particular state does not, by itself, establish that Defendant either "expressly aimed" its conduct at that state or "deliberately reached out" to it. *See Mavrix*, 647 F.3d at 1231. Rather, the court must consider whether the defendant's generally accessible website had some "forum-specific focus," or if the defendant "exhibited an intent to cultivate an audience in the forum." *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1091-92 (9th Cir. 2023). Plaintiffs' assertions that a significant number of California residents visited and purchased subscriptions through Defendants' website are not enough to carry their burden in this inquiry.

*Muto*, 2024 WL 2148734 at *4. The same conclusion follows here, and the Court should dismiss Plaintiffs' Complaint on the same grounds.[5]

### C. <u>Additional Grounds for Dismissal</u>

As stated above, Defendants maintain that this Court should apply Judge Sykes's personal jurisdiction analysis in *Muto* and dismiss Plaintiffs' carbon copy claims here. Though Judge Sykes did not reach the additional bases discussed below or agree that they warranted dismissal, Defendants continue to contend they do, and thus repeat those arguments here. In particular, a

---

[5] Plaintiffs make a singular allegation regarding Fenix Internet: that it "is, or has been, continuously in possession of money wrongfully taken from Plaintiff." ECF 1 ¶ 9. Even on its own terms, that allegation is insufficient to establish personal jurisdiction because it fails to show any relationship between Fenix Internet and California. *See Walden*, 571 U.S. at 285. In fact, Fenix Internet has not taken—and does not take—any relevant actions specifically directed to California. Fenix Internet's purpose is to perform payment processing and provide administrative support services at the direction of FIL by collecting payments made by Fans from third-party processors and then distributing the money it collects through other third-party processors to Creators throughout the United States. Taylor Decl. ¶ 6.

decision in this District issued subsequent to Judge Sykes's Order suggests that dismissal on this ground of *forum non conveniens* is proper. Also, because Judge Sykes dismissed *Muto* for lack of personal jurisdiction, she did not reach or address Defendants' standing and 12(b)(6) arguments regarding Fenix Internet, which Defendants reassert below.

### 1. Plaintiffs' Complaint Should Be Dismissed Under the Doctrine of *Forum Non Conveniens*.

The Court should dismiss Plaintiffs' Complaint in its entirety because Plaintiffs agreed that any claim they have arising out of or in connection with their use of OnlyFans, including non-contractual disputes, must be brought in the courts of England and Wales. The law is clear that "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1087 (9th Cir. 2018) (citing *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62 (2013). However, where (as here) the selected venue is in a foreign country, federal courts must dismiss the action for improper venue under the doctrine of *forum non conveniens*. *See Brooks v. Sotheby's*, 2013 WL 3339356, at *6 (N.D. Cal. July 1, 2013); *see also Yei A. Sun*, 901 F.3d at 1087. "Only under extraordinary circumstances unrelated to the convenience of the parties" should a motion to transfer pursuant to a forum-selection clause be denied. *Atl. Marine*, 571 U.S. at 62. The Ninth Circuit has further held that a forum-selection clause controls, "unless the plaintiff [makes] a strong showing that: (1) the clause is invalid due to "fraud or overreaching," (2) "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision," or (3) "trial in the contractual forum will be so gravely difficult and inconvenient that [the plaintiff] will for all practical purposes be deprived of his day in court." *Lewis v. Liberty Mut. Ins. Co.*, 953 F.3d 1160, 1165 (9th Cir. 2020) (quoting *Yei A. Sun*, 901 F.3d at 1088).

In *Muto*, and now here, Antony White KC (an experienced barrister-at-law in England and Wales since 1983) explained on behalf of Defendants that if Plaintiffs file their case in England or Wales they *will* have numerous "procedural routes" to pursue a "collective" action there, including a "so called 'top down' award." Decl. of Antony White KC in Support of Fenix Defendants' Motion

to Dismiss ¶ 34 (noting that "English law provides for at least three corresponding causes of action [to the Plaintiffs' UCL claim], which the Plaintiffs could pursue" if they bring their claims in the United Kingdom). Although Judge Sykes declined to enforce the applicable forum selection clause in *Muto*, 2024 WL 2148734, at *4, Judge Jacqueline Schott Corley reached the opposite conclusion in a subsequent case considering the same issue in this District, and dismissed claims similar to those advanced here on *forum non conveniens* grounds. Specifically, Judge Corley found that a forum-selection clause requiring disputes to be brought in Switzerland applied to claims connected with a website's Terms & Conditions to which a plaintiff agreed. *Losson v. Union Des Ass'ns Europeennes De Football*, 2024 WL 3406987 (N.D. Cal. July 11, 2024). In *Losson*, Judge Corley rejected the plaintiff's contention that "the putative class would … be denied of their day in court because [plaintiff] would have no remedy under the laws of Switzerland," because that would mean "nearly no international forum-selection clause would be enforceable as most countries do not have a class action procedure." *Id.* at *3. That conclusion is fully consistent with Ninth Circuit case law, which has held that:

> Prior to *Atlantic Marine*, we held that a clause remains enforceable even when the contractually selected forum may afford the plaintiffs less effective remedies than they could receive in the forum where they filed suit. Atlantic Marine confirms this conclusion, and establishes that "the fact that certain types of remedies are unavailable in the foreign forum does not change the calculus if there exists a basically fair court system in that forum that would allow the plaintiff to seek some relief."

*Yei A. Sun*, 901 F.3d at 1092 (citation omitted). Therefore, the remedies and procedures available in the United Kingdom (or potential lack thereof) should not serve as a bar to enforcing the FIL forum selection clause.

There is no dispute that Plaintiffs agreed to a mandatory forum-selection clause in the OnlyFans Terms requiring them to bring their lawsuit in the United Kingdom. *See* ECF 1 ¶¶ 29-30. Thus, Plaintiffs can avoid dismissal only if they show "extraordinary circumstances unrelated to the convenience of the parties" that would render the clause unenforceable. *Yei A. Sun*, 901 F.3d at 1088. Plaintiffs do not clear that hurdle.

1

2

**2.      Plaintiffs' Complaint Must be Dismissed for Lack of Constitutional or Statutory Standing.**

3

4

5

6

7

8

Article III standing requires a plaintiff to show (among other things) that "he suffered an injury ... [that] was likely caused by the defendant." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). So does statutory standing under the UCL. *See Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1048 (9th Cir. 2017) ("[P]laintiffs seeking relief under California's [UCL] ... must ... show that th[eir] economic injury was the result of, i.e., caused by, the unfair business practice or false advertising that is the gravamen of the claim.").

9

10

11

12

13

14

15

16

17

18

Here, that causation requirement means that Plaintiffs must show "actual reliance" on false or misleading statements "in order to have standing to pursue" their claim under the UCL. *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1020 (9th Cir. 2020). But Plaintiffs do not and cannot satisfy the causation requirement. Although Plaintiffs' Complaint highlights certain examples of Plaintiffs' transactions on OnlyFans in isolation, Plaintiffs' full transaction histories on OnlyFans paint a very different picture. Those records show that Plaintiffs already knew of the automatically renewing nature of their OnlyFans subscriptions, because of FIL's clear disclosures. Plaintiffs acted on this knowledge when they actively managed their OnlyFans subscriptions and repeatedly exercised their rights to cancel and avoided automatic renewal based on the same notice and language which they now say is unclear.[6]

19

20

21

22

23

Plaintiff John Doe 1's allegations, for example, describe only his subscriptions to "OnlyFans creators @povlotti, @lupebaddy, @bellacortexmx, [and] @jenny24cute[,]" and allege that Plaintiff John Doe 1 "would have canceled his subscription prior to the renewal date" had he "received the clear and conspicuous disclosures required by the ARL . . . ." ECF 1 ¶¶ 33-34. But throughout Plaintiff John Doe 1's transaction history, he repeatedly subscribed to and canceled subscriptions

24

---

25

26

27

28

[6] When considering a motion to dismiss for lack of standing, courts may consider "extrinsic evidence apart from the pleadings." *Laurence v. United States*, No. C-93-0381-DLJ, 1993 WL 266657, at *2 (N.D. Cal. July 8, 1993); *see also Johnson v. Fogo De Chao Churrascaria (San Jose) LLC*, 2021 WL 3913519, at *2 (N.D. Cal. Sept. 1, 2021) ("In resolving a factual dispute as to the existence of subject matter jurisdiction, the Court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment.").

1    prior to the automatic renewal, often almost instantly after subscribing. Taylor Decl. ¶¶ 29-32. This

2    conduct clearly demonstrated that, at the time of purchase, Plaintiff John Doe 1 not only knew that

3    his subscriptions would renew if not canceled, but also that he could cancel his subscriptions prior

4    to the renewal date to avoid future charges and while maintaining access to that Creator's content

5    until the end of the subscription period, as disclosed in OnlyFans Terms. Indeed, Plaintiff John

6    Doe 1 canceled *twelve* subscriptions prior to the renewal deadline before subscribing to any of the

7    accounts listed in the Complaint, demonstrating that he understood the renewal terms of his

8    subscriptions prior to the conduct alleged in the Complaint. Taylor Decl. ¶ 29-30. Then, between

9    2022 and 2024, John Doe 1 repeated the pattern of disabling renewal shortly after subscribing to

10   *three more* Creators. *Id.* ¶¶ 31-32. This pattern makes clear that Plaintiff John Doe 1 cannot

11   plausibly allege now that any losses he claims to have suffered from allowing certain of his

12   subscriptions to renew were caused by alleged renewal compliance shortcomings by FIL.

13           Plaintiff John Doe 2's transaction history shows that he, too, understood how OnlyFans

14   subscription renewals and cancellations worked. Plaintiff John Doe 2 only provides threadbare

15   allegations related to the alleged subscriptions at issue, alleging only that he subscribed to

16   "OnlyFans creators @izabellaxo, @beagt00, [and] @karleystokes" without any details regarding

17   the subscriptions. ECF 1 ¶ 35. But Plaintiff John Doe 2's transaction history demonstrates that he

18   also understood how OnlyFans subscription renewals and cancellations worked. Even though he

19   alleges not to have understood OnlyFans's renewal terms, John Doe 2 subscribed to—and

20   canceled—*at least seventeen* subscriptions to other Creators prior to their automatic renewal. Taylor

21   Decl. ¶¶ 35-36. Further, just like John Doe 1, Plaintiff John Doe 2 often canceled these subscriptions

22   immediately after subscribing. *Id.* As a result, Plaintiff John Doe 2 also cannot plausibly claim that

23   any unwanted charge resulting from the subscription referenced in the Complaint was caused by

24   inadequate disclosures on OnlyFans.

25           **3.       Plaintiffs' Claims Against Fenix Internet Must Be Dismissed for
                         Failure to State a Claim.**

26

27           Even if Plaintiffs' Complaint survives the legal challenges above, the suit still must be

28   dismissed for failure to state a claim against Fenix Internet, because Plaintiffs do not plead any

CASE NO. 3:24-CV-03713
DEFS.' NOTICE OF MOTION
& MOTION TO DISMISS

facts showing that Fenix Internet has violated the UCL. Plaintiffs' claim turns on representations that were made (or allegedly failed to be made) on the OnlyFans website. *See, e.g.*, ECF 1 ¶¶ 23-30. As explained above, Fenix Internet does not own or operate OnlyFans, and is not responsible for the representations or disclosures that do or do not appear on the platform. Instead, Plaintiffs' substantive theory of Fenix Internet's supposed involvement is simply that it "is, or has been, continuously in possession of money wrongfully taken from Plaintiff." ECF 1 ¶ 9. But merely possessing Plaintiffs' money is not a violation of the UCL—and, critically, does not establish that Fenix Internet is responsible for any action or omission that forms the basis for Plaintiffs' claims. Accordingly, Fenix Internet must be dismissed from this action.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, FIL and Fenix Internet respectfully request that the Court dismiss this action in its entirety for the same reasons as Judge Sykes did in the Central District of California (lack of personal jurisdiction over Defendants in California), or in the alternative, dismiss Plaintiffs' Complaint on the other grounds for dismissal articulated above.

1

Dated:  August 8, 2024

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully Submitted,

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

By: _/s/ Jonathan A. Direnfeld_____
Jonathan A. Direnfeld (*pro hac vice*)
Amisha R. Patel (*pro hac vice*)
2100 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: +1 202 339 8400
Facsimile:  +1 202 339 8500
jdirenfeld@orrick.com
apatel@orrick.com

Jacob M. Heath (SBN 238959)
Orrick Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: +1 650 614 7400
Facsimile:  +1 650 614 7401
jheath@orrick.com

*Attorneys for Defendants Fenix International Limited and Fenix Internet LLC*