MARK POE (S.B. #223714)
 mpoe@gawpoe.com
RANDOLPH GAW (S.B. #223718)
 rgaw@gawpoe.com
VICTOR MENG (S.B. #254102)
 vmeng@gawpoe.com
FLORA VIGO (S.B. #239643)
 fvigo@gawpoe.com
GAW | POE LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE 1, JOHN DOE 2, and all others similarly situated,<br><br>              Plaintiffs,<br><br>    v.<br><br>FENIX INTERNATIONAL LIMITED;<br><br>              Defendant. | Case No. 3:24-cv-03713-CRB<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Judge:     Hon. Charles R. Breyer<br>Date:      January 10, 2025<br>Time:     10:00 a.m.<br>Courtroom: 6 |

1

## NOTICE OF MOTION AND MOTION

2    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3    PLEASE TAKE NOTICE THAT on January 10, 2025 at 10:00 a.m., or as soon thereafter

4 as counsel may be heard, before the Honorable Charles R. Breyer, District Judge of the United

5 States District Court, Northern District of California, located in Courtroom 6 at 450 Golden Gate

6 Avenue, San Francisco, California, plaintiffs will and hereby do move for leave to file a Second

7 Amended Complaint, to add allegations concerning how defendant Fenix International Limited

8 ("Fenix") expressly aims its business and activities at the state of California, sufficient for this

9 Court to exercise specific personal jurisdiction over it.

10    This motion is based on this notice of motion, the memorandum of points and authorities

11 below, the declaration of Mark Poe and its accompanying exhibits, and any oral argument or

12 other evidence presented at the hearing of this motion.

13

14 Dated:  December 5, 2024                     GAW | POE LLP

15

16                                          By:    s/ *Mark Poe*

                                                   Mark Poe
17                                                 Attorneys for Plaintiffs

18

19

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

3

4

5

6

7

The Court's November 22, 2024 order granting Fenix's motion to dismiss based on lack of personal jurisdiction found that "Plaintiffs fail to allege 'something more' to show that Defendant expressly aimed its actions at California." (ECF No. 33 at 12.)  Plaintiffs' investigation in response to the Court's dismissal order uncovered additional facts, based upon which Plaintiffs respectfully move to amend their operative class action complaint to add allegations showing that Fenix expressly aimed its business conduct at California.

8

### I.    RELEVANT FACTS

9

10

11

12

13

14

15

16

17

18

Plaintiffs filed this action on June 20, 2024 against Fenix and its subsidiary Fenix Internet LLC (collectively, "Defendants"), alleging that Defendants violated and continues to violate California's Automatic Renewal Law by failing to properly notify customers that OnlyFans automatically renews monthly subscriptions.  (ECF No. 1.)  Defendants moved to dismiss the complaint on August 8, 2024.  (ECF No. 17.)  At the September 27, 2024 hearing on Defendants' motion, the Court requested additional briefing from the parties as to whether Plaintiffs' claim "sounds in tort or sounds in contract."  (ECF No. 28 at 2, n.2.)  The Court also gave Plaintiffs an opportunity to amend their complaint to add allegations as to "Defendants' California-specific contacts."  (*Id.* at 1.)  Plaintiffs filed an amended complaint on October 10, 2024, which did not include a claim against subsidiary Fenix Internet LLC.  (ECF No. 29.)

19

20

21

On November 22, 2024, the Court issued its order granting "the motion to dismiss based on lack of personal jurisdiction."  (ECF No. 33 at 15.)  The dismissal order was not made with prejudice.  (*See* ECF No. 33.)

22

23

24

On November 27, 2024, Plaintiffs asked Fenix whether it would stipulate to Plaintiffs' filing of a Second Amended Complaint that includes purposeful direction allegations.  (Poe Decl. ¶ 5.)  Fenix declined and stated that it would oppose Plaintiffs' motion for leave.  (*Id.*)

25

26

### II.    THE LAW PRESUMES THE COURT DISMISSED PLAINTIFFS' CLAIM WITHOUT PREJUDICE

27

28

Rule 41(a)(2) states, "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."  Fed. R. Civ. Proc. 41(a)(2); *see Romoland School Dist. v. Inland*

-1-

PLAINTIFFS' MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT
CASE NO. 3:24-CV-03713-CRB

1   *Empire Energy,* 548 F.3d 738, 750 (9th Cir. 2008) ("the order dismissing Plaintiffs' claims

2   against the air district says nothing about the dismissal's effect, and the assertion that it was

3   without prejudice derives solely from the presumption in Federal Rule of Civil Procedure

4   41(a)(2) that '[u]nless the order states otherwise, a dismissal under this paragraph ... is without

5   prejudice.'"); *Patterson v. Ryan*, No. 05-CV-1159-PHX-RCB, 2010 WL 4136097, at *3 (D. Ariz.

6   Oct. 13, 2010) ("There is a presumption that where a dismissal order is silent as to the effect of a

7   dismissal's effect, that dismissal is without prejudice.").

8        As noted, the Court's November 22, 2024 order did not dismiss Plaintiffs' claim with

9   prejudice.  (*See* ECF No. 33.)  Indeed, "[d]ismissal with prejudice and without leave to amend is

10   not appropriate unless it is clear on de novo review that the complaint could not be saved by

11   amendment."  *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

12   Accordingly, per Rule 41(a)(2) and the above case law, the law presumes that the dismissal order

13   is without prejudice.  Fed. R. Civ. Proc. 41(a)(2).

14   **III.    PLAINTIFFS SHOULD BE GRANTED LEAVE TO AMEND THEIR**
     **COMPLAINT TO ADD ADDITIONAL ALLEGATIONS SHOWING THAT**
15   **FENIX PURPOSEFULLY DIRECTED ITS ACTIVITIES AT CALIFORNIA BY**
     **CONTRACTING TO USE SERVERS HOSTED IN THE STATE.**
16

17        Rule 15(a)(2) states that courts "should freely give leave [to amend] when justice so

18   requires."  Fed. R. Civ. Proc. 15(a)(2).  This rule reflects a policy that favors amendment of

19   pleadings.  *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 933 (9th Cir. 2007).

20        Under Rule 15, leave to amend should be granted with "extreme liberality" regardless of

21   whether the amended pleading adds claims or parties.  *Owens v. Kaiser Found. Health Plan, Inc.*,

22   244 F.3d 708, 712 (9th Cir. 2001).  Per the Ninth Circuit, "[c]ourts may decline to grant leave to

23   amend only if there is strong evidence" that "amendment would cause prejudice to the opposing

24   party, is sought in bad faith, is futile, or creates undue delay."  *Sonoma Cnty. Ass'n of Retired*

25   *Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1118 (9th Cir. 2013); *Johnson v. Mammoth Recreations,*

26   *Inc.*, 975 F.2d 604, 607 (9th Cir. 1992).  Among those four factors, "the consideration of

27   prejudice to the opposing party [] carries the greatest weight."  *Eminence Cap., LLC*, 316 F.3d at

28   1052.  Absent prejudice or a "strong showing" of any other *Foman* factor, there is a presumption

1    in favor of granting leave to supplement. *Id.*

2          <u>Undue Prejudice</u>. "The party opposing amendment bears the burden of showing

3    prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187-88 (9th Cir. 1987). "Undue

4    prejudice" means the amendment "would have greatly altered the nature of the litigation and

5    would have required defendants to have undertaken, at a late hour, an entirely new course of

6    defense." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

7          Plaintiffs' requested amendment will not unduly prejudice Fenix. The requested

8    amendments pertain only to allegations of Fenix's express aiming of its business to the state of

9    California—by choosing to store and cache copies of its website content on servers physically

10   located within the state, including San Francisco, to enable faster content delivery to OnlyFans

11   users in California. (Poe Decl. Ex. 1 at ¶¶ 3-4.) The proposed allegations do not alter Plaintiffs'

12   theory of Fenix's liability, nor would they affect the operative facts of the case or require Fenix

13   to undertake a new defense. *See Sonoma Cnty.*, 708 F.3d at 1118 ("The [defendant] would not be

14   prejudiced, because it should be 'fully prepared to litigate the substantive issues' of the claim,

15   given that both the theory and the operative facts of the claim remain the same."); *Hurn v. Ret.*

16   *Fund Trust of Plumbing, Heating and Piping Indus. of S. California*, 648 F.2d 1252, 1255 (9th

17   Cir. 1981) (finding no undue prejudice by the proposed amendment, in part, because "the

18   operative facts remain[ed] the same."). Moreover, this case is still in the pleading stage,

19   discovery has not begun, and the Court has not set a trial date. Fenix cannot carry its burden of

20   showing undue prejudice under these circumstances. *See Richards v. Centripetal Networks, Inc.*,

21   No. 24-CV-01065-HSG, 2024 WL 4654439, at *2 (N.D. Cal. Oct. 31, 2024) (rejecting

22   defendants' suggestion that the proposed amendments would cause undue prejudice because

23   "discovery has not yet begun and no trial dates have been set yet").

24          <u>Undue Delay</u>. Nor can Fenix object to the timing of Plaintiffs' request. As the Court

25   noted, Plaintiffs previously took the position that their UCL claim "sounds in contract," and

26   rested their theory of specific personal jurisdiction on the contracts Fenix entered into with

27   Plaintiffs. (ECF No. 33 at 7; ECF No. 32 at 3 of 6 ("Plaintiffs would have no claims at all were

28   it not for the contract they entered with Fenix, in which they agreed to be billed for monthly

- 3 -

1    subscriptions in exchange for Fenix providing them the content they requested.").)  Thus,

2    Plaintiffs did not pursue investigation concerning Fenix's use of servers in California—until the

3    Court issued its order on November 22, 2024.  (Poe Decl. ¶ 2.)  Once the Court issued its order,

4    Plaintiffs' counsel diligently researched the facts and theories underlying their proposed

5    allegations, and promptly moved for leave to amend.  (*Id.*)  Per the Ninth Circuit, "[t]he mere fact

6    that an amendment is offered late in the case ... is not enough to bar it."  *United States v. Webb*,

7    655 F.2d 977, 980 (9th Cir.1981).  And "[w]here there is a lack of prejudice to the opposing

8    party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in

9    bad faith, it is an abuse of discretion to deny leave to amend."  *U.S. v. Pend Oreille Public Util.*

10   *Dist. No. 1*, 926 F.2d 1502, 1511 (9th Cir. 1991).

11        Futility.  Amendment is futile only if "no set of facts can be proved under the amendment

12   to the pleadings that would constitute a valid and sufficient claim or defense."  *Missouri ex rel.*

13   *Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017).  Plaintiffs' proposed allegations show that

14   the amendment is not futile.  The Court found that "Defendant's alleged actions of charging

15   customers without proper notice in violation of the unlawful prong of the UCL sound in tort" and

16   that "most courts apply the purposeful direction test when analyzing UCL claims."  (ECF No. 33

17   at 10.)  Plaintiffs' investigation following the Court's dismissal order revealed facts that directly

18   respond to the purposeful direction test—that Fenix's retaining Cloudflare, Inc. and its use of

19   servers physically located in California to enable faster and more efficient content delivery to

20   OnlyFans customers based in California, establish Fenix's purposeful direction of its business

21   activities at California.  Those allegations were deemed sufficient to establish that a foreign-

22   owned website operator "expressly aimed their websites at the U.S. market" in *Doe v. WebGroup*

23   *Czech Republic, a.s.*, 93 F.4th 442, 453-54 (9th Cir. 2024).  The additional allegations thus

24   undermine any attempt to argue that the proposed amendments are futile.

25        Moreover, "courts will determine the legal sufficiency of a proposed amendment using

26   the same standard as applied on a Rule 12(b)(6) motion."  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d

27   209, 214 (9th Cir. 1988).  To the extent Fenix wishes to challenge the sufficiency of Plaintiffs'

28   proposed amendments concerning Fenix's use of servers located in California, those issues are

1    "more appropriately raised in a motion to dismiss rather than in an opposition to a motion for

2    leave to amend." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1154 (N.D. Cal.

3    2010); *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Ordinarily, courts

4    will defer consideration of challenges to the merits of a proposed amended pleading until after

5    leave to amend is granted and the amended pleading is filed.").

6         Bad Faith.  Leave to amend may be denied if the amendment is introduced solely for

7    delay or improper purpose.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  As noted, Plaintiffs seek

8    leave to amend to allege additional facts solely to respond to the Court's granting Fenix's motion

9    to dismiss based on personal jurisdiction.  There is no bad faith here.

10                                   **CONCLUSION**

11         For the reasons stated herein, Plaintiffs respectfully request that the Court grant them

12   leave to file a Second amended complaint.

13

14   Dated:  December 5, 2024                    GAW | POE LLP

15
                                                By:      s/ *Mark Poe*
16                                                       Mark Poe
                                                         Attorneys for Plaintiffs
17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' MOTION FOR LEAVE
                                          TO FILE SECOND AMENDED COMPLAINT
                                                CASE NO. 3:24-CV-03713-CRB